OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed.
Defendant was arrested for loitering for the purpose of begging (Penal Law § 240.35 [1]), and a search incident to the arrest yielded a pipe with a residue of a controlled substance. He was charged in a single information with both loitering for the purpose of begging and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). He moved to suppress the evidence of the substance on the ground that there was no probable cause for his arrest. Following a suppression hearing, the City Court denied the motion, finding that there was probable cause to arrest him for loitering for the purpose of begging.
Defendant then moved for an order dismissing both charges pursuant to CPL 170.30 (1) (f), which provides that a local criminal court may dismiss an information if there exists a “legal impediment to conviction of the defendant for the offense charged.” He argued that the loitering statute (Penal Law § 240.35 [1]) was unconstitutional, that his arrest for violating *18 the unconstitutional loitering statute was unlawful, that the substance recovered following his arrest consequently had to be suppressed, and that the controlled substance charge therefore had to be dismissed. The People, in their response, did not defend the constitutionality of Penal Law § 240.35 (1), but, rather, advanced the argument that defendant’s arrest was lawful because the hearing testimony established that probable cause had existed to arrest him for harassment in the second degree (Penal Law § 240.26 [2]). The City Court agreed with defendant that Penal Law § 240.35 (1) is unconstitutional, and found that the existence of probable cause to arrest defendant for harassment in the second degree had not been established. It granted defendant’s motion, dismissing both charges. The People now appeal. The Attorney General has declined to intervene (see CPLR 1012; Executive Law § 71).
We turn first to defendant’s constitutional challenge to Penal Law § 240.35 (1). We observe at the outset that defendant does not contend that the Legislature is constitutionally forbidden from regulating begging. He similarly does not contend that a person who engages in otherwise prohibited behavior — for example, harassment — is immunized against prosecution by virtue of the fact that he happens to be begging at the same time. Rather, his position is that Penal Law § 240.35 (1), as written, is an unconstitutional restriction on speech because its sweeping language authorizes prosecution of all beggars in public places, whether or not there is anything objectionable about their begging beyond the fact that it is begging.
We agree that Penal Law § 240.35 (1) is unconstitutional because it violates the freedom of speech guarantee of the First Amendment. In Village of Schaumburg v Citizens for a Better Environment (444 US 620 [1980]), the Supreme Court held that charitable solicitation is so intertwined with speech that an ordinance restricting it was subject to scrutiny under the First Amendment. In our view, begging is as inseparable from speech as is charitable solicitation (see Loper v New York City Police Dept., 999 F2d 699 [2d Cir 1993] [finding that begging merits the same First Amendment protection as charitable solicitation and holding Penal Law § 240.35 (1) unconstitutional]; but see Young v New York City Tr. Auth., 903 F2d 146, 153-154 [2d Cir 1990] [questioning whether begging generally merits First Amendment protection, and expressing “grave doubt” whether it merits such protection when it takes place in the subway system, where it is “experience(d) as threatening, harassing and *19 intimidating” by passengers, and may be “divested of any expressive element” because, “(g)iven the passengers’ apprehensive state of mind, it seems rather unlikely that they would be disposed to focus attention on any message”]; People v Barton, 8 NY3d 70, 75 [2006] [without passing on the question, noting that Loper and Young present “differing views” as to whether “panhandling is speech or expressive conduct safeguarded by the First Amendment, entitled to protection tantamount to that afforded eleemosynary appeals by organized charities”]). Both the charitable solicitor and the beggar convey a message of need, in the hope of prompting the generosity of a contribution. In the context of the First Amendment, we find no significant difference between making a contribution that is funneled through the administrative process of a charitable organization before reaching its ultimate recipients, and making a contribution directly to a beggar. We agree with the following observation of the Second Circuit in Loper:
“[T]he presence of an unkempt and disheveled person holding out his or her hand or a cup to receive a donation itself conveys a message of need for support and assistance. We see little difference between those who solicit for organized charities and those who solicit for themselves in regard to the message conveyed. The former are communicating the needs of others while the latter are communicating their personal needs. Both solicit the charity of others. The distinction is not a significant one for First Amendment purposes” (999 F2d at 704).
Since we find that charitable solicitation and begging are equivalent forms of speech for First Amendment purposes, we subject Penal Law § 240.35 (1) to the same level of First Amendment scrutiny as was applied in Village of Schaumburg. This statute cannot survive that scrutiny. Even if the People may assert the State’s interests in the statute for the first time on appeal (but see Watchtower Bible & Tract Soc. of N. Y., Inc. v Village of Stratton, 536 US 150, 169 [2002]), the asserted interests here — maintaining public order, reducing citizen fear of coercive encounters with panhandlers, and preventing fraud — could be “sufficiently served by measures less destructive of First Amendment interests” (Village of Schaumburg v Citizens for a Better Environment, 444 US at 636) than the sweeping prohibition of all begging in all public places at all times that Penal Law § 240.35 (1) imposes (see id.; Loper v New York City Police *20 Dept., 999 F2d at 705-706). We are not considering herein an issue concerning the constitutionality of a statute tailored to advance state interests without imposing too broad a restriction on freedom of speech (cf. Young v New York City Tr. Auth., 903 F2d 146 [1990] [upholding a regulation prohibiting begging only in the subway]; Gresham v Peterson, 225 F3d 899 [7th Cir 2000] [upholding an ordinance banning panhandling in certain areas, panhandling at night, and “aggressive” panhandling]; People v Barton, 8 NY3d 70 [2006] [upholding an ordinance prohibiting begging and charitable solicitation from occupants of cars that are on streets or in public places]). Because we hold Penal Law § 240.35 (1) unconstitutional, we find that the City Court correctly dismissed the charge of violating that statute (see CPL 170.30 [1] [f]).
We next examine whether our determination that Penal Law § 240.35 (1) is unconstitutional removes the necessary predicate for a lawful arrest and thus necessitates our upholding the City Court’s suppression of the substance recovered from defendant in the course of the search incidental to his arrest for violating that statute (see generally Mapp v Ohio, 367 US 643 [1961]). The People argue that, under Michigan v DeFillippo (443 US 31 [1979]), suppression was not warranted. This argument is not preserved, and we do not reach it (see People v Bright, 71 NY2d 376, 380 n 1 [1988]).
The People also repeat their argument before the City Court in opposition to suppression. The hearing testimony, they assert, established that defendant’s arrest was lawful because probable cause existed to arrest him for an offense other than loitering (see Devenpeck v Alford, 543 US 146 [2004]; Matter of William H., 264 AD2d 676, 677 [1999]) — harassment in the second degree. We agree with the City Court that the hearing testimony did not demonstrate the existence of probable cause for defendant’s arrest for harassment in the second degree.
Penal Law § 240.26 (2) provides:
“A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: . . .
“2. He or she follows a person in or about a public place or places . . . .”
At the suppression hearing, the sole witness was the officer who arrested defendant for loitering for the purpose of begging. To the extent that his testimony was relevant to the possible existence of probable cause to arrest defendant for harassment, the officer testified that, at approximately 2:00 a.m., on a street *21 in New Rochelle, defendant “followed a . . . young male Hispanic ... for several blocks.” The “young male Hispanic” then handed defendant what appeared to be a pack of cigarettes. The “young male Hispanic” subsequently told the arresting officer that defendant had asked him for money and cigarettes, and told another police officer that he had become “nervous” and given defendant a pack of cigarettes.
An intent to “harass, annoy or alarm” may be inferred from the conduct of a defendant (see People v Strong, 179 Misc 2d 809, 814 [App Term, 9th & 10th Jud Dists 1999]), but the officer’s testimony fell short of establishing that defendant harbored the requisite “intent to harass, annoy or alarm” when he “follow[ed]” the “young male Hispanic.” The “young male Hispanic” was not a witness at the hearing. The officer did not testify that defendant had any interaction with this person while following him, or that defendant followed him so closely as to appear threatening. Although the “young male Hispanic” allegedly became “nervous” when defendant spoke to him, this fact did not prove that defendant had any intent to “harass, annoy or alarm” him. There was therefore no evidentiary basis for a finding of probable cause to arrest defendant for harassment.
In light of the People’s failure to preserve their DeFillippo argument, and their failure to establish that probable cause existed to arrest defendant for an offense other than loitering for the purpose of begging, we do not disturb the portion of the City Court’s order suppressing the substance recovered as a result of defendant’s arrest (see People v Bright, 71 NY2d at 379-380).
Finally, under the particular circumstances here, the City Court correctly determined that suppression of evidence of the controlled substance warranted dismissal of the charge of criminal possession of a controlled substance in the seventh degree (see CPL 170.30 [1] [f]).
Accordingly, the City Court’s order is affirmed.
Nicolai, PJ., Tanenbaum and Molía, JJ., concur.