11-1683-cv & 11-1684-cv
New Jersey Carpenters Health Fund et al. v. RALI Series 2006-QO1 Trust et al.
Boilermaker Blacksmith National Pension Trust et al. v. Harborview Mortgage Loan Trust 2006-4 et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of April, two thousand twelve.

PRESENT: GERARD E. LYNCH,
　　　　　 JOHN M. WALKER, JR.,
　　　　　 CHRISTOPHER F. DRONEY,
　　　　　　　　　　　　 *Circuit Judges.*

_____

NEW JERSEY CARPENTERS HEALTH FUND,
on behalf of itself and all others similarly situated,
NEW JERSEY CARPENTERS VACATION FUND,
BOILERMAKER BLACKSMITH NATIONAL PENSION TRUST,
on behalf of themselves and all others similarly situated,
　　　　　　　　　　　　 *Plaintiffs-Appellants*,

　　　　　　　 v.　　　　　　　　　　　　　　　　　 No. 11-1683-cv

RALI SERIES 2006-QO1 TRUST, RALI SERIES 2006-QO2 TRUST, RALI SERIES 2006-QO3 TRUST, RALI SERIES 2006 QO4 TRUST, RALI SERIES 2006-QO5 TRUST, RALI SERIES 2006-QO6 TRUST, RALI SERIES 2006-QO7 TRUST, RALI SERIES 2006-QO10 TRUST, RALI SERIES 2007-QO1 TRUST, RALI SERIES 2007-QO2 TRUST, RALI SERIES 2007-QO3 TRUST, RALI SERIES 2007-QO4 TRUST, RALI SERIES 2007-QO5 TRUST, GOLDMAN SACHES & COMPANY, CITIGROUP GLOBAL MARKETS INCORPORATED, UBS SECURITIES, LLC,
　　　　　　　　　　　　 *Defendants-Appellees.*

_____

BOILERMAKER BLACKSMITH NATIONAL PENSION TRUST,
NEW JERSEY CARPENTERS VACATION FUND,
on behalf of itself and all others similarly situated,
                              *Plaintiffs-Appellants*,


          v.                                        No. 11-1684-cv

HARBORVIEW MORTGAGE LOAN TRUST 2006-4, HARBORVIEW MORTGAGE
LOAN TRUST 2006-5, HARBORVIEW MORTGAGE LOAN TRUST 2006-9, FITCH
RATINGS, RBS HOLDINGS USA INC., RBS ACCEPTANCE INC., RBS FINANCIAL
PRODUCTS INC., RBS FINANCIAL PRODUCTS INC., RBS SECURITIES INC.,
                              *Defendants*.

THE ROYAL BANK OF SCOTLAND GROUP, PLC, GREENWICH CAPITAL
HOLDINGS, INC., GREENWICH CAPITAL ACCEPTANCE, INC., GREENWICH
CAPITAL MARKETS, INC., GREENWICH CAPITAL FINANCIAL PRODUCTS,
INC., ROBERT J. MCGINNIS, CAROL P. MATHIS, JOSEPH N. WALSH, IIII, JOHN
C. ANDERSON, JAMES C. ESPOSITO, MOODY'S INVESTORS SERVICE,
INCORPORATED, THE MCGRAW-HILL COMPANIES, INC., RBS SECURITIES,
INC., FKA GREENWICH CAPITAL MARKETS, INC., d/b/a RBS GREENWICH
CAPITAL,
                              *Defendants-Appellees*.


_____


FOR APPELLANTS:      JOEL PAUL LAITMAN, Cohen Milstein Sellers & Toll,
                     PLLC, New York, New York, *for* Appellants in both cases.

FOR APPELLEES:       JEFFREY A. LIPPS, Carpenter Lipps & Leland LLP,
                     Columbus, Ohio, DAVID E. POTTER, Lazare Potter &
                     Giacovas LLP, New York, New York, *for* RALI Defendants-
                     Appellees in No. 11-1683.

                     WILLIAM G. MCGUINNESS, Fried, Frank, Harris, Shriver
                     & Jacobson LLP (David E. Hennes, Alfred L. Fatale III, on
                     the brief), *for* Defendants-Appellees in No. 11-1683 Citigroup
                     Global Markets Inc., Goldman, Sachs & Co., and UBS
                     Securities, LLC.

                     THOMAS C. RICE (Alan C. Turner, on the brief), Simpson
                     Thacher & Bartlett LLP, New York, New York, *for* Appellees
                     in No. 11-1684.


2

Appeals from the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the district court are AFFIRMED.

These two cases, No. 11-1683 ("RALI") and No. 11-1684 ("Harborview"), were argued together, both in the district court and for this appeal, but not formally consolidated. Because the cases involve facts and issues that are for our purposes identical, we resolve both in this order.

In each case, pension fund lead plaintiffs ("Plaintiffs") seek to certify a class of investors in mortgage-backed securities ("MBS") that lost substantial value in the months after they were issued. Plaintiffs allege that the defendants in each case made false and misleading statements in the prospectuses of various MBS, and they seek to recover under Sections 11, 12, and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l & 77o. The district court denied Rule 23(b)(3) class certification in both cases; in a single opinion, it found that individual, not common, issues would predominate and that class adjudication would not be superior to individual actions. N.J. Carpenters Health Fund v. Residential Capital, LLC, 272 F.R.D. 160 (S.D.N.Y. 2011). We permitted an appeal of the denial under Federal Rule of Civil Procedure 23(f). The sole question is whether the district court properly denied certification of the proposed classes. We assume familiarity with the facts of the case, which are laid out in detail in the district court's opinion.

3

**BACKGROUND**

The general features of mortgage-backed securities – and their role in the financial crisis of 2008 – are familiar in this Circuit. <u>See</u>, <u>e.g.</u>, <u>In re Lehman Bros. Mortgage-Backed Securities Litigation</u>, 650 F.3d 167, 171-73 (2d Cir. 2011); <u>Greenwich Fin. Svcs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.</u>, 603 F.3d 23, 24-26 (2d Cir. 2010). In both of the instant cases, the lead plaintiffs are pension funds that purchased MBS from issuers. The RALI case covers 59 separate offerings from March 28, 2006 to October 9, 2007; Harborview covers 15 offerings from April 26, 2006 through October 1, 2007.

Each MBS was divided into tranches and structured so that more junior tranches absorbed shortfalls in mortgage payments before more senior tranches. Registration statements for each MBS laid out underwriting guidelines that the issuers or subcontractors had supposedly followed in selecting mortgages for each security. The underwriting guidelines were very similar for each MBS. Ratings agencies awarded AAA credit ratings to more than 95% of the RALI tranches and 90% of the Harborview tranches.

In the months following each issue, however, the default and delinquency rates in the underlying mortgages soared. Eventually, based on these defaults, the ratings agencies downgraded most of the tranches. Plaintiffs contend that the eventual defaults show that the issuers and subcontractors had not in fact followed the underwriting guidelines. If that is so, then the registration statements contained false statements at the time of purchase, triggering prima facie Section 11 liability. After filing complaints alleging the above facts and conducting some discovery, including expert reports on both sides, Plaintiffs moved in each case to certify a class. The district court denied certification, leading to these appeals.

4

**DISCUSSION**

We review a district court's class certification decision for abuse of discretion, both as to its determination of each individual Rule 23 requirement, and as to its overall balancing of the Rule 23 factors. See In re Initial Pub. Offerings Secs. Litig., 471 F.3d 24, 31-32 (2d Cir. 2006) ("IPO"). "To the extent that the district court's ruling on an individual Rule 23 requirement is supported by a finding of fact, that finding is reviewed under the 'clearly erroneous' standard. To the extent such a ruling involves an issue of law, we review it de novo." Brown v. Kelly, 609 F.3d 467, 475 (2d Cir. 2010), citing IPO, 471 F.3d at 40-41.

The party seeking class certification (here, the lead plaintiffs in each case) bears the burden of demonstrating that each of Rule 23's requirements is satisfied; facts requisite for such a demonstration must be shown by a preponderance of the evidence. See Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010). Predominance is the key Rule 23 requirement in dispute here and the only one we address. "Class-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." UFCW Local 1776 v. Eli Lilly & Co., 620 F.3d 121, 131 (2d Cir. 2010) (internal quotation marks omitted).

Plaintiffs argue principally that the district court applied a novel and incorrect legal standard in its predominance determination. We find no legal error. Nor do we find error in the district court's factfinding or in its discretionary determination that individual issues predominated.

5

Plaintiffs assert claims under Sections 11, 12 and 15 of the 1933 Securities Act, but because Section 12 and 15 claims are essentially derivative of Section 11 claims, we need discuss only Section 11. A prima facie case under Section 11 requires proof that a registration statement contained material misstatements or omissions. McMahan & Co. v. Wherehouse Entertainment, Inc., 65 F.3d 1044, 1047 (2d Cir. 1995); see also 15 U.S.C. § 77k(a). Because it is not a fraud provision, Section 11 does not require a culpable mental state on the part of the security issuer. See Greenapple v. Detroit Edison Co., 618 F.2d 198, 203 & n.9 (2d Cir. 1980). But Section 11 claims are subject to an affirmative defense – the issuer may "prove[] that at the time of [] acquisition [the purchaser] knew of such untruth or omission." 15 U.S.C. § 77k(a).[1] The statutory language leaves no ambiguity: For the knowledge affirmative defense to succeed *on the merits*, the defendant must show the purchaser's actual knowledge of the specific untruth or omission. Id.; see also IPO, 471 F.3d at 43.

But the merits of this case are not before us. As in IPO, the question before us (as it was before the district court) is not the *merits* question of whether defendants have shown purchasers' knowledge, but the *certification* question of whether common liability issues predominate over individual knowledge defenses. See IPO, 471 F.3d at 43-44 & n.14. The

---

[1] Because the language of Section 12 differs as to knowledge, we place the burden on a plaintiff in a Section 12(a)(2) claim to show lack of knowledge. 15 U.S.C. § 77l; Healey v. Chelsea Res., Ltd., 947 F.2d 611, 617 (2d Cir. 1991) (requiring the plaintiff to prove "that he had no knowledge of the untruth or omission" that formed the basis of his Section 12 claim). This does not change our analysis at the certification stage.

district court held that to determine whether each purchaser had actual knowledge of the specific untruths or omissions at the time of its purchase would require many individualized inquires, outweighing the common issues in the case. 272 F.R.D. at 168-70. Recognizing that we are "noticeably less deferential when the district court has denied class status than when it has certified a class," Brown, 609 F.3d at 485 (internal quotation marks omitted), we nonetheless cannot on this record hold the district court to have abused its discretion in concluding that individual issues would predominate.

Defendants' evidence of knowledge, which surely would not have sufficed to prove each knowledge defense on the merits, nonetheless indicated that individual knowledge inquiries might be necessary. The court had a limited record without the benefit of discovery of absent potential class members' records. On the basis of this limited evidence, it permissibly determined that knowledge defenses would require extensive individual proceedings. Perhaps another inference could have been drawn, and perhaps a different inference might be drawn on a renewed motion on a fuller record. But "[i]n reviewing findings for clear error, we are not allowed to second-guess the trial court's choice between permissible competing inferences, because in that case, the factfinder's choice cannot be clearly erroneous." Arch Ins. Co. v. Precision Stone, Inc., 584 F.3d 33, 39 (2d Cir. 2009) (internal quotation marks and ellipses and citations omitted).

Furthermore, the district court found the balance tipped in favor of the individual issues not only because of the evidence of purchaser knowledge, but also because of the cumbersome class definitions proposed in both cases. Plaintiffs did not select a "cohesive"

7

class or set of subclasses.  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997).  For example, counsel represented at oral argument that "most of" or "ninety percent" of the purchasers of each security bought on the date of issue directly from the issuers.  Despite the availability of a narrower class definition focused on this more readily identifiable, more homogeneous group, Plaintiffs chose to include in the class definitions *any* purchaser from the initial offering to the present day.  Under the proposed class definitions in each case, the district court found that purchasers of each security who purchased at different times would have had available different levels of public information.  272 F.R.D. at 169-70.  Because public information could constitute circumstantial evidence of individual purchaser knowledge, the defendants would have stronger or weaker evidence of purchaser knowledge depending on purchase timing.  Id.  Such predicted variation supported the judge's conclusion that individual knowledge inquiries would be required.  Furthermore, because of the differences in purchase timing, the chosen class definition also removed the possibility that the knowledge defense could be adjudicated on a class basis using common publicly available evidence.  Cf. Public Employees' Ret. Sys. of Mississippi v. Merrill Lynch & Co., Inc., 277 F.R.D. 97, 119 (S.D.N.Y 2011).  This further tipped the balance away from common issues and toward individual ones.

In this light, it is clear that Plaintiffs' argument that the district court committed reversible error by analyzing the class's cohesiveness under superiority rather than predominance is meritless.  First, there is no independent requirement of cohesiveness – that element merely summarizes the Rule 23(b)(3) predominance factors.  See Amchem, 521 U.S.

8

at 623. Second, neither Rule 23(b)(3) nor our caselaw indicates that the court may not analyze the (b)(3) factors together. See Fed. R. Civ. P. 23(b)(3) (requiring predominance and superiority and enumerating factors "pertinent to *these findings*") (emphasis added). Here, the district court's analysis of cohesiveness – pointing out that differently situated class members might have competing interests in controlling the litigation, 272 F.R.D. at 171 – was not an abuse of discretion. See Fed. R. Civ. P. 23(b)(3)(A), (D); see also Fed. R. Civ. P. 23(a)(3), (4).

As this discussion reveals, Plaintiffs' assertion that the district court made a broad ruling that undermines the potential for any class certification in cases of this type is incorrect. The district court here did no more than analyze the particular facts confronting it on the limited record available in this case. We note that the same district judge has since certified a class in a similar litigation. See Public Employees' Retirement System of Mississippi v. Goldman Sachs Group, --- F.R.D. ----, 2012 WL 336146 (S.D.N.Y. Feb. 3, 2012). Two other district courts have also certified such classes. See Merrill Lynch & Co., Inc., 277 F.R.D. 97; New Jersey Carpenters Health Fund v. DLJ Mortg. Capital, Inc., 2011 WL 3874821 (S.D.N.Y. Aug. 16, 2011). Without opining on the propriety of these decisions, we note that both grants and denials of class certification in MBS litigation may fall within the range of a district court's discretion. Thus, Plaintiffs' effort to dramatize the nature and consequences of the district court's ruling overreaches the facts.

Plaintiffs also argue that the district court erred by finding that superiority was not met. Because the district court did not abuse its discretion in finding that common issues did

not predominate over individual ones, and because the party seeking class certification must show *all* of the Rule 23 factors, <u>Myers</u>, 624 F.3d at 547, we need not reach this argument.

## CONCLUSION

The district court did not abuse its discretion in denying class certification on this record. We note, however, that our review is limited to the class definition that the judge rejected, and to the record as it stood at the time of this motion to certify. Our determination on this Rule 23(f) appeal is therefore without prejudice to further motion practice in the district court. <u>Cf</u>. Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

For the foregoing reasons, the district court's denial of class certification in both of these cases is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10