Cristoforo **TIRO**, Leonardo Cortes, Enrique Hernandez, and Humberto Campos Lara, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**PUBLIC HOUSE INVESTMENTS, LLC,** Public House NYC, LLC, Public House Mgmt. NYC, LLC, Butterfield 8 NYC, LLC, Martell's NYC, LLC, Black Finn NYC, LLC, Chris Cocozziello, Brian Harrington, Gary Cardi, and Frank Falesto, Defendants.

Rodolfo Tejada Villa and Enrique Hernandez, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Public House Investments, LLC, Public House NYC, LLC, Public House Mgmt. NYC, LLC, Butterfield 8 NYC, LLC, Martell's NYC, LLC, Black Finn NYC, LLC, Chris Cocozziello, Brian Harrington, Gary Cardi, and Frank Falesto, Defendants.

Nos. 11 Civ. 7679(CM), 11 Civ. 8249(CM).

United States District Court,
S.D. New York.

Dec. 4, 2012.

Joseph A. Fitapelli, Brian Scott Schaffer, Eric Joshua Gitig, Frank Joseph Mazzaferro, Fitapelli & Schaffer, LLP, New York, NY, for Plaintiffs.

John Miller Socolow, Rudolph Victor Pino, Jr., Pino & Associates, LLP, White Plains, NY, for Defendants.

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OF STATE LAW CLAIMS

COLLEEN McMAHON, District Judge.

On October 28, 2011, Cristoforo Tiro ("Tiro"), Leonardo Cortes ("Cortes"), Enrique Hernandez ("Hernandez"), and Humberto Campos Lara ("Lara") (collectively, "Plaintiffs") commenced this action on behalf of themselves and all similarly situated "tipped/front of house" employees presently or formerly employed at New York City restaurants Public House New York ("Public House"), Butterfield 8 Restaurant & Lounge ("Butterfield"), Wicker Park Bar & Bistro ("Wicker Park"), and/or Tammany Hall Tavern/Black Finn ("Black Finn") (collectively, "New York Restaurants") against Public House Investments, LLC ("PHI"), Public House NYC, LLC ("Public House LLC"), Public House MGMT. NYC, LLC ("Public House Mgmt."), Butterfield 8 NYC, LLC ("Butterfield LLC"), Martell's NYC, LLC ("Martell's LLC"), Black Finn NYC, LLC ("Black Finn LLC"), Chris Cocozziello ("Coco"), Brian Harrington ("Harrington"),

Gary Cardi ("Cardi"), and Frank Falesto ("Falesto") (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). On November 15, 2011, Plaintiffs Rodolfo Tejada Villa ("Villa") and Hernandez (also collectively, "Plaintiffs") filed a second complaint on behalf of themselves and all similarly situated "non-tipped/back of house" employees at the New York Restaurants against Defendants, also for violations of the FLSA and NYLL. On January 27, 2012, these cases were consolidated.

Plaintiffs now move for certification of two classes of New York Restaurant employees for their New York state-law claims. One proposed class would consist of tipped, hourly food-service workers employed at one or more of the New York Restaurants from October 28, 2005 through the date of the final judgment in this matter. The other proposed class would consist of all non-tipped, non-exempt kitchen workers employed at one or more of the New York Restaurants from November 15, 2005 through the date of the final judgment in this matter.

For the reasons stated below, Plaintiffs' motion is GRANTED IN PART.

## BACKGROUND

### 1. The Parties

#### a. Tipped/Front of House Employee Plaintiffs

Cristoforo Tiro was employed as a busser/runner at Public House from May 21, 2007 until October 9, 2011. (Tiro Compl. ¶ 6.) Leonardo Cortes has been employed as a barback at Public House since February 26, 2008. (Id. ¶ 10.) Enrique Hernandez was employed as a busser/runner at Public House from November 10, 2008 until October 1, 2011. (Id. ¶ 14; Villa Compl. ¶ 10.) Humberto Campos Lara has been employed as a barback at Public House since December 6, 2008. (Tiro Compl. ¶ 18.)

#### b. Non–Tipped/Back of House Employee Plaintiffs

Rodolfo Tejada Villa has been employed as a non-exempt food preparer at Public House since November 21, 2010. (Villa Compl. ¶ 6.) Villa also worked as a food preparer at Wicker Park in June 2011. (Id.) In addition to working in a tipped/front of house position at Public House, Hernandez also worked as a non-exempt dishwasher at Butterfield from April 14, 2009 through August 2009. (Id. ¶ 10; Tiro Compl. ¶ 14)

#### c. Defendants

Public House Investments, LLC is a Pennsylvania corporation solely owned by Brian Harrington. PHI provides management and promotional services to the New York Restaurants.

Public House NYC, LLC is a New York corporation solely owned by Chris Cocozziello. Public House LLC's function is to own and operate the restaurant Public House New York.

Public House MGMT. NYC, LLC is a New York corporation solely owed by Chris Cocozziello. Public House Mgmt. is no longer an active company, but according to Defendants, its purpose was "as a vehicle to track expenses and receive consultant fees" and had no employees. (Defs.' Mot. in Opp. 7.)

Butterfield 8 NYC, LLC is a New York corporation solely owned by Chris Cocozziello. Butterfield LLC's function is to own and operate the restaurant Butterfield 8 Restaurant & Lounge.

Martell's NYC, LLC is a New York corporation solely owned by Frank Falesto. Martell's LLC's function is to own and operate the restaurant Wicker Park, which closed in November 2011.

Black Finn NYC, LLC is a New York corporation solely owned by Chris Cocozziello. Black Finn LLC's function is to own and operate the restaurant Tammany Hall Tavern (formerly Black Finn).

Gary Cardi is the sole member and owner of Public House Logan Square in Philadelphia, PA, a non-defendant in this action. Cardi is also a high-level employee at PHI.

### 2. Facts

The facts of this case are straight forward. Plaintiffs claim that while employed at one or

more of the New York Restaurants, they and other similarly situated employees were not paid in accordance with the FLSA and NYLL. Plaintiffs claim that Defendants are all employers within the meaning of the FLSA and NYLL and have a practice and policy of failing to pay minimum, overtime, and spread-of-hours wages, failing to record time, and—for the tipped/front of house Plaintiffs-tip stealing and misappropriation. Furthermore, Plaintiffs allege that Defendants are part of a single integrated enterprise that jointly employed and failed to pay Plaintiffs properly. Particularly, Plaintiffs claim that Harrington, Coco, Cardi, and Falesto collectively own and operate each of the New York Restaurants, and these restaurants shared common management—PHI—which is responsible for payroll and timekeeping practices at each restaurant as against each Plaintiff.

The only facts differing from Plaintiff to Plaintiff in the complaints are the number of hours of regular or overtime wages remaining unpaid. Only the tipped/front of house employees have a claim for tip misappropriation or stealing.

### 3. Procedural History

On October 28, 2011, Tiro, Cortes, Hernandez, and Lara commenced this action on behalf of themselves and all similarly situated tipped/front of house employees presently or formerly employed at the New York restaurants against PHI, Public House LLC, Public House Mgmt., Butterfield LLC, Martell's LLC, Black Finn LLC, Coco, Harrington, Cardi, and Falesto. for FLSA and NYLL violations. On November 15, 2011, Villa and Hernandez filed a second complaint on behalf of themselves and all similarly situated non-tipped/back of house employees at the same four restaurants against Defendants also for FLSA and NYLL violations. On January 27, 2012, these cases were consolidated. The

court presumably conditionally certified classes pursuant to the FLSA, and a number of individual plaintiffs have filed consents to sue under the FLSA.[1]

Plaintiffs now move for class certification of two classes of New York Restaurant employees for their NYLL claims. The first class would consist of tipped, hourly food-service workers employed at one or more of the restaurants from October 28, 2005 through the date of the final judgment in this matter. The second class would consist of all non-tipped, non-exempt kitchen workers employed at one or more of the restaurants from November 15, 2005 through the date of the final judgment in this matter. Plaintiffs also request that this Court appoint their counsel, Fitapelli & Schaffer, LLP ("F & S"), as class counsel under Rule 23(g) and approve their proposed class notices under Rule 23(c)(2)(B).

Defendants oppose this motion, claiming that Plaintiffs' theories that the Defendants acted as a single, integrated enterprise are misplaced, and Plaintiffs cannot meet the burden of establishing a certifiable class against all Defendants. Furthermore, Defendants find Plaintiffs' proposed class notices inappropriate because they rely on the premise that Defendants operate as a single, integrated enterprise, which Defendants vehemently deny.

### DISCUSSION

### 1. Plaintiffs' Motion for Class Certification is Granted, Albeit as Modified by This Order

#### a. Legal Standards
##### i. Rule 23(a)

■ In order to obtain class certification under Federal Rule of Civil Procedure 23, Plaintiffs must demonstrate that the requisite elements of subsection 23(a)—numerosi-

---

1. At the Rule 16 conference on February 17, 2012, the court asked Defendants to show cause why FLSA § 216 classes ought not be certified. The court received word that there would be no objection to conditional certification. (11–CV–7679 at ECF 25; 11–CV–8249 at ECF 26.) The parties obviously agreed on a conditional class definition, because the record reveals that opt-in

notices were received in both lawsuits; however, there is no indication on the court's docket that the parties ever sent the court an order to sign that would memorialize the conditional class certification or approve the contents of the notice. The court invited the parties to submit such an order (11–CV–7679 at ECF 25; 11–CV–8249 at ECF 26.); none is reflected in the docket.

ty, commonality, typicality, and adequacy of representation—are each satisfied. *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 201–02 (2d Cir.2008); *see also Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). Numerosity requires that the class is "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal–Mart Stores, Inc. v. Dukes*, —— U.S. ——, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) (internal quotation marks omitted); Fed. R.Civ.P. 23(a)(2). Typicality requires that the claims or defenses of the class representatives—here, the named Plaintiffs—are typical of the claims or defenses of the class members. Fed.R.Civ.P. 23(a)(3). Typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir.1997) (internal quotation marks omitted). Adequacy requires that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4); *see generally Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir.2010). All four requirements must be met, and if even one of the Rule 23(a) requirements is not met, certification must be denied.

### ii. Rule 23(b)

In addition to satisfying Rule 23(a), the proposed class must fit within one of the three subsection 23(b) categories. *Brown*, 609 F.3d at 476. Here, Plaintiffs seek class certification under Rule 23(b)(3).

■ Under subsection (b)(3), class certification is appropriate if "the questions of law or fact common to class members predominate over any questions affecting only individual members, and ... a class litigation is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* (quoting Fed.R.Civ.P. 23(b)(3)). The predominance inquiry assures that the "proposed classes are sufficiently cohesive to warrant adjudication by representation." *In re*

*Nassau Cnty. Strip Search Cases*, 461 F.3d 219, 225 (2d Cir.2006) (internal quotation marks omitted).

■ In determining whether Rule 23(b)(3) certification is appropriate, courts assess the following considerations:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

*Oakley v. Verizon Commc'ns Inc.*, No. 09 CIV. 9175, 2012 WL 335657, at *12 (S.D.N.Y. Feb. 1, 2012).

### iii. Burden of Proof

■ In this Circuit, "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir.2010); *Teamsters*, 546 F.3d at 202 ("[T]he preponderance of the evidence standard applies to evidence proffered to establish Rule 23's requirements."). The preponderance standard also applies regardless of whether the issue is independent of or overlapping with the merits of an issue in the case. *Teamsters*, 546 F.3d at 202–03; *see also In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41–42 (2d Cir.2006). However, in its Rule 23 analysis, the court should not make any factual findings or merits determinations unnecessary to the issue of class certification. *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d at 41.

■ "A motion for class certification should not ... become a mini-trial on the merits." *Lewis Tree Serv., Inc. v. Lucent Techs.*, 211 F.R.D. 228, 231 (S.D.N.Y.2002). "The dispositive question is not whether the plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Kowalski*

*v. YellowPages.com, LLC*, No. 10 CIV. 7318 PGG, 2012 WL 1097350, at *12 (S.D.N.Y. Mar. 31, 2012) (quoting *Lucent Techs.*, 211 F.R.D. at 231). Thus, in certifying a Rule 23 class, the Court does not resolve any question of liability, but rather decides "whether the constituent issues that bear on [Defendants'] ultimate liability are *provable in common.*" *Myers*, 624 F.3d at 550 (emphasis added).

### b. Plaintiffs Established Requirements of Rule 23(a)

#### i. Numerosity

 Usually, a proposed class consisting of over forty members satisfies the numerosity requirement. *Shahriar v. Smith & Wollensky Rest. Grp., Inc.* 659 F.3d 234, 252 (2d Cir.2011) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995), *cert. denied*, 515 U.S. 1122, 115 S.Ct. 2277, 132 L.Ed.2d 281 (1995)). "Although a plaintiff need not present a precise calculation of the number of class members and it is permissible for the court to rely on reasonable inferences drawn from available facts, the movant must show some evidence of or reasonably estimate the number of class members." *Noble v. 93 University Place Corp.*, 224 F.R.D. 330, 338 (S.D.N.Y.2004) (internal citations and quotation marks omitted). "Although evidence of exact size or identity of class members is not required, evidence of numerosity is nonetheless required." *Lewis v. Nat'l Fin. Sys., Inc.*, No. 06–1308, 2007 WL 2455130, at *8 (E.D.N.Y. Aug. 23, 2007) (internal citation omitted).

 Here, Plaintiffs allege that "Defendants employed over 400 tipped employees and over 150 non-tipped employees at the New York Restaurants." (Pls.' Mot. to Certify, 13–14.) They base this claim on "the class lists provided by Defendants in connection with the sending of notice under FLSA § 216(b) ...." (*Id.* at 13.) Furthermore, in both complaints, Plaintiffs allege that the two proposed classes are each comprised of at least 50 individuals. (Tiro Compl. ¶ 113; Villa Compl. ¶ 104.) Defendants do not contest this point, but rather argue that numerosity is not met because only 34 employees have filed consents to sue under the FLSA in the *Tiro* case and only 19 have done so in the *Villa* case.

The failure of 40 or more individuals to opt into a lawsuit under the FLSA cannot be read as a waiver of the right of other class members to recover under the NYLL, where there is no opt-in requirement, and anyone who falls within the definition of a certified class has the right to opt out of (not into) the action—either by notifying the court before the class issues are adjudicated on the merits, or simply by refusing or failing to file a proof of claim when (if) it comes time to calculate damages. To be sure, the number of individuals who opt in may be a harbinger of what the plaintiff classes will eventually recover if they succeed in establishing liability; it is some indication of the level of interest in the lawsuit by the members of the plaintiff class (or at least those who received opt-in notice). However, the radical difference between a § 216 class and a Rule 23 class makes it impossible to infer from the failure to join the former that an individual wishes to be excluded from the latter. Thus, I find that Plaintiffs have satisfied the numerosity requirement.

#### ii. Commonality

Commonality requires that there be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). Following the Supreme Court's recent decision in *Wal–Mart Stores, Inc. v. Dukes*, —— U.S. ——, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), the threshold for commonality has been heightened. *Dukes* instructs district courts that the focus of the commonality requirement "is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* at 2551 (internal quotation and citation omitted) (emphasis in original). "Their claims must depend upon a common contention of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

However, "The weight of authority rejects the argument that *Dukes* bars certification in

wage and hour cases." *Morris v. Affinity Health Plan, Inc.,* 859 F.Supp.2d 611, 616 (S.D.N.Y.2012) (collecting cases). In FLSA and NYLL wage claims, courts in this district tend to focus on whether the employer had company-wide wage policies that injured the proposed class. *See, e.g., Flores v. Anjost Corp.,* 284 F.R.D. 112 (S.D.N.Y.2012); *Espinoza v. 953 Assocs. LLC,* 280 F.R.D. 113 (S.D.N.Y.2011). *Youngblood v. Family Dollar Stores, Inc.,* No. 09 Civ. 3176, 2011 WL 4597555 (S.D.N.Y. Oct. 4, 2011). Moreover, "claims by workers that their employers have unlawfully denied them wages to which they were legally entitled have repeatedly been held to meet the commonality prerequisite for class certification." *Espinoza,* 280 F.R.D. at 127 (collecting cases).

■ Here, Plaintiffs claim that commonality is met in each of their proposed classes of tipped and non-tipped employees because their claims arise from Defendants' failure to pay regular, overtime, and spread of hours wages in violation of the NYLL. Plaintiffs also claim that, with respect to the tipped employees, Defendants routinely misappropriated tips, also in violation of the NYLL. As such, Plaintiffs argue that the harm that the named Plaintiffs have suffered is the same injury and harm suffered by all prospective class members. Defendants, on the other hand, contest that commonality is met.

Defendants' main issue seems to be with Plaintiffs' single-enterprise theory, as Plaintiffs argue that the individual Defendants operated and managed the New York Restaurants together through PHI. Defendants dispute this theory, arguing that each restaurant is managed separately, and Defendants do not maintain an improper uniform wage payment policy across all four New York Restaurants. Furthermore, Defendants dispute the level of control each Defendant maintained over the operation of the restaurants with respect to wages.

Whether or not Defendants operated as a single enterprise is a complicated and fact-specific inquiry that is not properly determined at the class certification stage. The same is true of the alleged management structure at each restaurant. These issues must be litigated further, and cannot be de-cided at this time. However, this lack of information does not mean that commonality is not met and that class certification is inappropriate.

Based on the present record, there is no reason not to certify four subclasses within each of the suggested classes of tipped and non-tipped employees. Each subclass will consist of class members employed by a single New York Restaurant. Thus, in the tipped employee class, there will be subclasses consisting of employees at Butterfield, Public House, Wicker Park, and Black Finn. The same subclasses will be certified within the class of non-tipped employees. As Plaintiffs contend that employees often worked at more than one of the New York Restaurants, there will indeed be overlap within the subclasses, and certain employees will be members of more than one subclass, but this is not a problem.

Certifying four subclasses within each of the tipped and non-tipped classes disposes of the commonality concern. The harms suffered by Plaintiffs in each subclass are shared by members of the same subclass—i.e., failure to pay regular, overtime, and spread of hours wages at one particular restaurant and tip stealing for employees in the tipped class.

### iii. Typicality

Typicality requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). In this Circuit, typicality and commonality often run together and are part of the same inquiry. *Iglesias-Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363, 370 (S.D.N.Y.2007) (citing *Caridad v. Metro–North Commuter R.R.,* 191 F.3d 283, 291 (2nd Cir.1999)).

Plaintiffs argue that typicality is met because the case rests on the same legal theory—failure to pay wages in accordance with the NYLL. Defendants contest typicality for the same reason that it contests commonality: lack of joint-enterprise. Defendants also argue that Plaintiffs do not provide enough evidence that the experiences of the named Plaintiffs are typical of the claims of the proposed class members, particularly be-

cause Plaintiffs submitted declarations indicating brief employment at more than one of the New York Restaurants. Defendants claim this experience was not typical and no submitted evidence supports this notion.

As with commonality, certifying subclasses by restaurant solves this problem. It will not matter whether Defendants operated the restaurants jointly and with the same wage policies or whether Defendants had the practice of swapping employees throughout the New York Restaurants because the subclass claims will examine each restaurant individually. As above, any Plaintiff claiming employment at more than one restaurant will simply be a member of more than one class.

### iv. Adequacy

■ Finally, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). Adequacy of representation looks to the qualifications of Plaintiffs' counsel and the interests of the named Plaintiffs. *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000).

Defendants do not contest the adequacy requirement. Rather, they argue that this question is not necessarily reached, because the other three requirements of Rule 23(a) have not been met. Defendants do concede, however, that the interests of the named Plaintiffs do not appear to be antagonistic to those of the proposed class members and that if class certification were proper, Plaintiffs' counsel is qualified to represent the classes.

■ There does not seem to be a real dispute concerning the adequacy of Plaintiffs' counsel. Furthermore, meeting the typicality requirement is strong evidence that Plaintiffs' "interests are not antagonistic to those of the class; the same strategies that will vindicate plaintiffs' claims will vindicate those of the class." *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 337 (S.D.N.Y.2010) (quoting *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y.2008)) (internal quotation marks omitted). Given the breakdown into subclasses, and the fact that Defendants do

not contest the adequacy of representation, I find no reason that Rule 23(a)(4) is not met.

### c. Rule 23(b)(3) Class Certification is Appropriate

In addition to meeting the Rule 23(b)(2) requirements, the proposed classes must also meet the predominance requirement under subsection (b)(3), which requires a finding that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3).

### i. Predominance

■ The subsection (b)(3) predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). "[W]hen determining whether common issues predominate, courts focus on the liability issue ... and if the liability issue is common to the class, common questions predominate over individual ones." *Bolanos v. Norwegian Cruise Lines Ltd.*, 212 F.R.D. 144, 157–58 (S.D.N.Y.2002) (internal citations and quotation marks omitted). This does not mean that various defenses—which would affect class members differently—destroy predominance. *Noble*, 224 F.R.D. at 339. Rather, the relevant inquiry is "whether the common issues will predominate over the individual questions raised by that defense." *La Belle Farm*, 239 F.R.D. at 373 (quoting *Noble*, 224 F.R.D. at 339).

■ Defendants' main contention with respect to the predominance inquiry is, again, with Plaintiffs' characterization of Defendants as operating a single or joint enterprise and with a common scheme of pay policies between restaurants. Defendants argue that the New York Restaurants are each operated by separate management and there is no joint enterprise, so common issues cannot predominate. However, certifying four subclasses within the two main

classes of tipped and non-tipped employees should alleviate this problem.

The overarching issue within each subclass is whether Defendants failed to pay their employees at each restaurant in accordance with the law. For the tipped subclasses, there is an additional issue concerning tip misappropriation and stealing. "True, the putative class members earned prevailing wages at different rates, some worked more hours than others .... However, these differences do not predominate over the main issue: whether [D]efendant[s] systematically failed to pay its employees the prevailing wages due them." *Ramos v. SimplexGrinnell LP*, 796 F.Supp.2d 346, 359 (E.D.N.Y. 2011). Moreover, "numerous courts have found that wage claims are especially suited to class litigation—perhaps 'the most perfect questions for class treatment'—despite differences in hours worked, wages paid, and wages due." *Id.* (listing cases). Variations in the number of hours worked goes to the question of damages and does not defeat predominance. *Noble*, 224 F.R.D. at 345. Thus, the predominance standard is met.

### ii. Superiority

The other inquiry under Rule 23(b) is whether the "class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R.Civ.P. 23(b)(3). "Courts routinely hold that a class action is superior where ... potential class members are aggrieved by the same policy, the damages suffered are small in relation to the expense and burden of individual litigation, and many potential class members are currently employed by Defendant." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 275 F.R.D. 193, 200 (S.D.N.Y.2011).

■ Defendants argue that Plaintiffs offer no compelling reason why a class action is superior to other methods, such as joinder. However, Defendants' issue with the superiority requirement, once again, stems from their contention that Plaintiffs mischaracterize them as acting as a joint enterprise. Again, this issue is effectively resolved by certifying subclasses. Each subclass will be comprised of employees disputing wage payment policies at a particular restaurant.

Further, the number of potential class members is great enough that joinder would not be practical, and the amount each class member can recover is likely to be small in comparison to the cost of individual litigation, as tends to be the case in wage claims. Finally, many of the named Plaintiffs still work for Defendants.

Additionally, I do not foresee any particular difficulties in managing these classes. Thus, I find that superiority has been satisfied for each of the subclasses.

### 2. *Plaintiffs' Request that F & S Be Appointed as Class Counsel is Granted*

Rule 23(g) requires that an attorney be appointed to serve as class counsel. Plaintiffs have demonstrated that their current counsel, Fitapelli & Schaffer, LLP, is more than qualified to represent fairly and adequately the interests of the class. Moreover, Defendants do not object to Plaintiffs' request. I do not see any problem with this appointment, and thus I grant Plaintiffs' request that F & S be appointed as class counsel.

### 3. *Plaintiffs' Proposed Class Notices Are Improper*

Plaintiffs request that this Court authorize Plaintiffs' proposed notices to the proposed NYLL Rule 23 classes. As I have modified Plaintiffs' proposed classes, by certifying four subclasses within each of the two proposed classes, Plaintiffs' proposed notices are no longer appropriate.

In accordance with the terms of this Order, the parties shall submit joint proposed notices to the Court for approval in order to ensure that the drafting and distribution of the notices is timely, accurate, and informative. *See Mendoza v. Casa de Cambio Delgado, Inc.*, No. 07CV2579, 2008 WL 938584, at *4 (S.D.N.Y. Apr. 7, 2008) (finding "notice should be jointly prepared"); *Chowdhury v. Duane Reade, Inc.*, No. 06CIV.2295, 2007 WL 2873929, at *6 (S.D.N.Y. Oct. 2, 2007) ("The Court expects the parties to work out those issues on their own, and provide the Court with the stipulated notice."). These jointly proposed notices shall be submitted

within 30 days of the date of this Order. If the parties cannot come to an agreement, they are to submit competing proposed notices.

Furthermore, Defendants are ordered to disclose to Plaintiffs the names, last known addresses, alternate addresses, all telephone numbers, positions, and dates of employment of all members of the eight subclasses within 30 days from the date of this Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to certify the class action is granted as to the following classes:

1. **Tipped Class:** this class consists of all tipped, hourly food-service workers employed at one or more of the New York Restaurants from October 28, 2005 to the present. The class will be divided into the below subclasses:
 a. Tipped, hourly food-service workers employed at **Public House**
 b. Tipped, hourly food-service workers employed at **Butterfield**
 c. Tipped, hourly food-service workers employed at **Wicker Park**
 d. Tipped, hourly food-service workers employed at **Black Finn.**
2. **Non–Tipped Class:** this class consists of all non-tipped, non-exempt kitchen workers employed at one or more of the New York Restaurants from November 15, 2005 to the present. The class will be divided into the below subclasses:
 a. Non-tipped, non-exempt kitchen workers employed at **Public House**
 b. Non-tipped, non-exempt kitchen workers employed at **Butterfield**
 c. Non-tipped, non-exempt kitchen workers employed at **Wicker Park**
 d. Non-tipped, non-exempt kitchen workers employed at **Black Finn.**

Plaintiffs' request for the Court to authorize their proposed form of notice is denied. The parties are to submit jointly proposed notices within 30 days of the date of this Order. If the parties cannot come to an agreement, they are to submit competing proposed notices.

The Defendants are ordered to disclose to the Plaintiffs the names, last known addresses, alternate addresses, all telephone numbers, positions, and dates of employment of all members of the eight subclasses within 30 days from the date of this Order.

The Clerk is instructed to remove the motion at ECF No. 50 under docket 11–cv–7679 and the motion at ECF No. 44 under docket 11–cv–8249 from the Court's list of open motions.